**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4811-15T1

GOSHEN MORTGAGE, LLC,

    Plaintiff-Respondent,

v.

DANIEL WILLIAMS,

    Defendant-Appellant,

and

ROSA WILLIAMS, NEW CENTURY
FINANCIAL SERVICES, CHILTON
MEMORIAL HOSPITAL and
MIDLAND FUNDING, LLC,

    Defendants.

_____

Submitted July 5, 2017 — Decided October 23, 2017

Before Judges Nugent and Accurso.

On appeal from Superior Court of New Jersey,
Chancery Division, Passaic County, Docket
No. F-031723-14.

Daniel Williams, appellant pro se.

Friedman Vartolo, LLP, attorneys for
respondent (Adam J. Friedman, on the brief).

PER CURIAM

Defendant Daniel Williams appeals from a final judgment of foreclosure contending plaintiff Goshen Mortgage, LLC failed to establish its predecessor in this action, Bayview Loan Servicing, LLC, possessed the note and mortgage when it filed its foreclosure complaint. Because the record reveals plaintiff's predecessor established its standing by actual possession of the note and mortgage and a duly recorded assignment of mortgage pre-dating its complaint, we affirm.

Defendant borrowed $345,100 from Nationwide Equities Corporation in March 2008, executing a thirty-year note and a non-purchase money mortgage on his home. The loan went into default eight months later after defendant and his wife suffered serious health issues. As reflected in the 2014 foreclosure complaint and in counsel for Bayview's certification of diligent inquiry pursuant to R. 4:64-1(a)(2), the note and mortgage were assigned first to Bank of America, N.A., then to the Secretary of Housing and Urban Development and then to the original plaintiff, Bayview. While the matter was pending in the Chancery court, Bayview transferred physical possession of the note and mortgage to Goshen and recorded an assignment of mortgage documenting the transfer. The Chancery judge amended the caption accordingly.

A-4811-15T1

Following discovery, Goshen moved for summary judgment. Defendant opposed, arguing that certain signatures on the assignments of mortgage were forged. He submitted two almost identical reports from a purported handwriting expert, each concluding, without explanation, that the signatures were forged.

After hearing oral argument, Judge McVeigh entered summary judgment for plaintiff, addressing and rejecting each of defendant's arguments in opposition to the motion in a comprehensive written opinion. After a detailed review of the documents in the record, she found Goshen established its own and its predecessor Bayview's standing by virtue of a certification by its servicer's employee made on personal knowledge in accordance with R. 1:6-6. See Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597-600 (App. Div. 2011).

Based on a review of Goshen's records, the employee was able to attest to Bayview's acquisition of the original note and mortgage six months before the filing of the complaint and its transfer of those original documents to Goshen during the pendency of the litigation, which continued to hold them at the time of the motion. As actual holders of the mortgage, plaintiff and its predecessor easily established standing to

pursue its foreclosure. See Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 330-31 (Ch. Div. 2010).

Judge McVeigh was also satisfied that Goshen established it and its predecessor's standing through the chain of recorded assignments. Because Bayview had a recorded assignment of mortgage predating the complaint, it had standing to initiate the foreclosure. See Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). Goshen's physical possession of the note and a recorded assignment of mortgage likewise provided it standing to pursue the complaint to judgment. See Ibid. Judge McVeigh rejected the proffered expert reports as net opinions and questioned whether even a forgery in the recorded assignments would affect plaintiff's standing in light of its possession of the original note and mortgage.

Defendant appeals, reprising the standing arguments he made to the trial court. Having considered defendant's arguments and reviewed the record on the motion, we affirm, substantially for the reasons expressed by Judge McVeigh in her opinion of December 4, 2015. Because we agree defendant presented no competent proof of forgery, we need not consider whether summary judgment could have been entered had defendant raised a genuine

issue as to the authenticity of the signatures on the assignments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION